*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-432

SEPTEMBER TERM, 2013

| | |
|---|---|
| Donald L. Bletz, Sr. and Bruce Van Guilder | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| v. | } Civil Division |
| | } |
| | } |
| John J. Welch, Jr., Esq. | } DOCKET NO. 136-3-11 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Donald L. Bletz, Sr. and Bruce Van Guilder, plaintiffs in this legal malpractice action, appeal from a superior court order granting summary judgment in favor of defendant John J. Welch, Jr., Esq. based on plaintiffs' failure to identify an expert witness to support the claim. Plaintiffs contend the trial court erred in failing to apply the recognized exception for negligence so apparent that only common knowledge and experience are needed to comprehend it. We affirm in part and reverse in part.

This is the third appeal to reach the Court in this real property dispute. Most of the material facts are set forth in the two earlier appeals, Bischoff v. Bletz, 2008 VT 16, 183 Vt. 235 (Bischoff I) and Bischoff v. Bletz, 2010 VT 49, 188 Vt. 47 (Bischoff II), and may be summarized for our purposes here as follows. In 1978, plaintiffs' predecessors in interest conveyed a deeded right of first refusal in two parcels of land to Rodney White. Twenty-five years later, in 2003, plaintiffs, who had acquired the properties following the death of their predecessors in interest—with no apparent notice to White—agreed to sell the properties to the Bischoffs. Bischoff I, 2008 VT 16, ¶ 3. In 2005, the agreements were superseded by two option contracts. Id. In April 2006, plaintiffs informed White that they had received "bona fide offers" for the properties, and later—after the Bischoffs indicated that they were exercising their purchase options—plaintiffs relayed the resulting sales agreements to White. Id. ¶¶ 5-6. White responded that he intended to exercise his right of first refusal. Id. ¶ 7.

The Bischoffs then filed a complaint against plaintiffs, alleging breach of contract, breach of warranty, misrepresentation, and negligence. Although White was not a named defendant, the complaint alleged that his purchase offer was invalid because he had not agreed to pay the same price as the Bischoffs. They sought compensatory damages from plaintiffs "for sums expended in reliance upon" plaintiffs' representations, and an order enjoining any sale to White. Id. ¶ 8. White was later joined as a necessary party at plaintiff's request, but no third-party claim was made against him. Id. ¶ 10.

The Bischoffs subsequently moved for summary judgment, alleging that White's right of first refusal was invalid. Id. The trial court granted the motion, concluding that White had not validly exercised his right of first refusal, and that it had thus "been extinguished by its own

terms." Id. ¶ 12. We reversed, concluding that the Bischoffs lacked standing to seek a declaration of White's rights under his agreement with plaintiffs' predecessors in interest; they were "strangers to the contract between White and [plaintiffs], and as such, they have no right to challenge the validity of White's contractual rights." Id. ¶ 16. Thereafter, in further proceedings on remand, the court upheld White's right of first refusal, and ruled that he was required to pay $31,000 and $215,000 to plaintiffs for the two parcels in question. Bischoff II, 2010 VT 49, ¶ 6. White appealed, claiming that he was required to pay only the "net price" to be tendered at closing, i.e., the purchase price less the option payments previously made by the Bischoffs, id. ¶ 7. We disagreed, and affirmed the trial court's ruling. Id. ¶¶ 9-11.

Plaintiffs subsequently filed this malpractice action against attorney Welch and another attorney.[1] The complaint alleged that Welch had previously represented plaintiffs' predecessors in interest and had drafted the right-of-first-refusal agreement with White; that Welch later represented plaintiffs in executing the purchase and sale agreement and superseding option contracts with the Bischoffs; that Welch thus knew or should have known of White's right of first refusal and negligently failed to convey that knowledge to plaintiffs; that plaintiffs, as result, entered into the contracts with the Bischoffs under the false belief that their title was "good and clear"; and that, as result of Welch's omission, plaintiffs were subject to litigation for failure to honor the deeded right of first refusal. They also assert that Welch was negligent in failing to join White as a third-party defendant during the Bischoffs' initial lawsuit. In addition to malpractice, plaintiffs also asserted claims for consumer fraud and breach of fiduciary duty.

Welch moved for summary judgment, asserting that plaintiffs' failure to identify an expert witness to support the malpractice claim was fatal to their case. Plaintiffs opposed the motion, asserting that expert testimony was not required to establish the elements of their claim. The trial court issued a brief entry order, concluding that expert opinion testimony was "necessary to support the claims of deviation from the standard of care and causation against Attorney Welch," and therefore granted the motion. The court denied a subsequent motion for reconsideration. This appeal followed.

As we have explained, "[g]enerally, negligence by professionals is demonstrated using expert testimony to: (1) describe the proper standard of skill and care for that profession, (2) show that the defendant's conduct departed from that standard of care, and (3) show that this conduct was a proximate cause of plaintiff's harm." Estate of Fleming v. Nicholson, 168 Vt. 495, 497 (1998). We have also recognized that, "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it, expert testimony is not required to assist the trier of fact in finding the elements of negligence." Id. at 497-98. Plaintiffs here assert that this exception applies, relying on their allegation that Welch drafted White's right of first refusal and did not inform plaintiffs of its existence when they entered into the option contracts with the Bischoffs. Plaintiffs analogize to the facts in Estate of Fleming, where the defendant attorney failed to inform his client of a title defect, which the attorney had discovered prior to the client's purchase of the subject property. The client purchased the property for over $66,000, but was later forced to sell for under $11,000 due to the undisclosed defect. Id. at 496. We held that the exception applied, observing that "[t]he issues of whether defendant had a duty to disclose the permit violation, whether he breached that duty, and whether the breach proximately caused the plaintiff's injury are not technical issues that require the assistance of an expert in order for a trier of fact to be able to comprehend them." Id.

_____

[1] Plaintiffs indicate that they have "resolved matters with" the other attorney.

at 499. Plaintiffs' contend that Welch's negligence in failing to disclose the right of first refusal was equally self-evident.

Although Welch originally disputed the assertion that he drafted the right of refusal, he concedes that his authorship "was admitted for the sole purpose of summary judgment," claiming that it is ultimately immaterial. Welch asserts, rather, that the issue is whether "as the attorney for the sellers of property, [he] had a legal duty to perform a title search of the property in which the plaintiffs intended to sell" in order to discover any cloud on the title, a technical question of law and duty plainly requiring expert testimony. We agree with Welch, and with the trial court, that if plaintiffs claimed that, as attorney for prospective sellers, Welch had an obligation to search the land records to determine whether plaintiffs had clear title to convey, expert testimony would be required to support plaintiffs' claims. The scope of a lawyer's duties to a client preparing to sell property is not a matter within the common knowledge and experience of ordinary jurors, and would require expert testimony.

However, we understand plaintiffs to be making a different claim. In particular, they assert that this seller's attorney knew that the property was encumbered by a right of first refusal on the basis of his past representation of plaintiffs' predecessors in interest. Welch's failure to disclose the existence of the right of first refusal while he allegedly assisted plaintiffs in negotiating and executing contracts that put them in direct violation of that right of first refusal was, plaintiffs allege, a breach of his duty to them. This specific claim, based not on assumptions about the general duties of lawyers who represent sellers but, rather, based on the unique facts of this case, does not raise technical issues that require the assistance of an expert so that ordinary citizens can understand and evaluate the claims. Although Welch may ultimately establish that he was not aware of the right of first refusal when he counseled plaintiffs concerning these transactions, this question is a matter of disputed fact, and summary judgment was thus inappropriate.

Plaintiffs have also suggested that even if he did not, at the time he represented the sellers, have any recollection of the existence of the right of first refusal, Welch, nonetheless should have known. As counsel acknowledged at oral argument, this allegation rests on assertions about the duties of lawyers engaged in real estate practices—claims for which expert testimony is required.

In contrast to plaintiffs' central claim, the allegation that Welch was negligent in failing to file a third-party complaint in Bischoff I requires a factfinder to evaluate a lawyer's trial strategy—a technical assessment that in this case requires far more than common knowledge. The trial court rightly granted summary judgment on this count.

Affirmed in part, reversed in part.

3

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

4